STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT BANDY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0970** (BOR Appeal No. 2048291)
                    (Claim No. 2012029853)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Robert Bandy, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated August 29, 2013, in which the Board affirmed, in part, and reversed, in part, a March 29, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 4, 2012, decision closing the claim for temporary total disability benefits and held that the claim remains open for temporary total disability benefits. In its Order, the Office of Judges also affirmed the claims administrator's September 10, 2012, decision which denied authorization of a series of lumbar epidural steroid injections. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Bandy, a coal miner, injured his lower back in the course of his employment on March 15, 2012, while he was lifting a sand prop weighing between 100 and 150 pounds. The claim was held compensable for lumbar sprain. Mr. Bandy has a history of lumbar spine injury and surgery. He underwent lumbar spine surgery in 1996 and 1998 following a motor vehicle accident. A lumbar MRI taken on March 30, 2012, revealed moderately advanced degenerative disc disease from L3-S1 with a small superimposed central disc protrusion at L3-4 and a right

foraminal disc protrusion at L5-S1. It also showed chronic moderate to severe left neural foraminal narrowing at L5-S1 related to osteophytes. There was milder foraminal narrowing at L4-5 and L5-S1. An EMG showed chronic changes in an L5-S1 distribution in the lower extremity.

Mr. Bandy was treated for the compensable injury by C. Clark Milton, D.O. Dr. Milton diagnosed persistent lower back pain with referral into the groin and left leg as well as abnormal MRI at multiple levels with evidence of both discogenic disease and ostephytosis. He opined that Mr. Bandy was temporarily and totally disabled. In a consultation, Vincent Miele, M.D., diagnosed significant degenerative disc disease in the lumbar spine. He recommended chiropractic care and epidural steroid injections and stated that Mr. Bandy should not return to heavy lifting in the mine until his pain significantly improved.

An independent medical evaluation was performed by Sushil Sethi, M.D., on July 16, 2012. Dr. Sethi noted that Mr. Bandy had a long history of degenerative lumbar disease and was treated at urgent care three days before the compensable injury for non-compensable back pain. Dr. Sethi found that he had reached maximum medical improvement for the compensable injury. He opined that Mr. Bandy's ongoing symptoms are the result of aging process degenerative disease. Mr. Bandy was found to have reached a treatment plateau for the compensable injury and required no further treatment.

Bruce Guberman, M.D., performed an independent medical evaluation on December 20, 2012. He found that Mr. Bandy suffered from post-traumatic acute and chronic lumbosacral strain. He noted a prior lower back injury that resulted in two surgeries. He opined that Mr. Bandy had not yet reached maximum medical improvement for the compensable injury. The current treatment, including epidural spinal injections, was found to be directly related to the compensable injury as Mr. Bandy's back pain became much more severe and disabling following the injury.

The claims administrator closed the claim for temporary total disability benefits on September 4, 2012. It also denied authorization for a series of lumbar epidural steroid injections on September 10, 2012. Mr. Bandy argues that his pre-existing lumbar spine conditions do not prevent him from being temporarily and totally disabled due to his compensable injury. He asserts that Dr. Guberman's opinion is more reliable than that of Dr. Sethi and that epidural steroid injections were improperly denied.

On March 29, 2013, the Office of Judges reversed the claims administrator's September 4, 2012, decision and held that the claim was improperly closed for temporary total disability benefits. The Office of Judges found that, pursuant to West Virginia Code § 23-4-7a (2005), a claim may only be closed for temporary total disability benefits when the claimant has reached maximum medical improvement, has been released to return to work, or has actually returned to work. The Office of Judges determined that, at the time of the September 4, 2012, suspension of temporary total disability benefits, there was no evidence that Mr. Bandy met any of the requirements for closure of his claim for temporary total disability benefits. The Office of Judges noted that Dr. Sethi's independent medical evaluation was not submitted in that protest. Relying

on Dr. Guberman's independent medical evaluation, which found that Mr. Bandy was not yet at maximum medical improvement, the Office of Judges determined that the claim was improperly closed. It noted that Dr. Guberman did not make a diagnosis of radiculopathy, and his determination was, therefore, based upon the compensable condition in the claim. The Office of Judges further noted that it did not make a finding that Mr. Bandy was entitled to temporary total disability benefits, just that the closure was inappropriate. Temporary total disability benefits were to be awarded only as substantiated by proper evidence.

The Board of Review reversed the Office of Judges' Order in its August 29, 2013, decision and instead held that the claim was closed for temporary total disability benefits. The Board of Review determined that Dr. Guberman's opinion was not as reliable as Dr. Sethi's because Dr. Guberman considered pre-existing conditions in his determination that Mr. Bandy was not at maximum medical improvement. It concluded that he had reached maximum medical improvement, and the claim was therefore properly closed for temporary total disability benefits.

In its March 29, 2013, Order, the Office of Judges also affirmed the claims administrator's September 10, 2012, decision. The Office of Judges found, per the report of Dr. Sethi, that the compensable condition in the claim was lumbar sprain. Further, Mr. Bandy was found to have significant pre-existing lumbar spine conditions, including a prior injury and surgery. An MRI taken fifteen days after the compensable injury, as well as an EMG, showed moderately advanced degenerative disc disease, a herniated L3-4 disc, and severe L5-S1 foraminal stenosis. None of these conditions have been held compensable in the instant claim. The Office of Judges determined that the injections were requested for the treatment of nerve root pain, a cause of which is a herniated disc. Considering the pre-existing conditions, non-compensable conditions, and the fact that the only compensable condition in the claim is a lumbar sprain, the Office of Judges held that the epidural steroid injections were not medically necessary or reasonably required for the treatment of the compensable lumbar sprain. The Board of Review affirmed the Office of Judges' Order in its August 29, 2013, decision.

After review, we find that the Board of Review's decision is based, in part, upon an erroneous conclusion of law. Pursuant to West Virginia Code § 23-5-12(b) (2006), the Board of Review may reverse an Order of the Office of Judges only when the Office of Judges' findings are in violation of a statutory provision; in excess of its statutory authority or jurisdiction; made upon unlawful procedures; affected by clear error of law; clearly wrong; or arbitrary, capricious, or characterized by abuse of discretion. The Board of Review, by relying on Dr. Sethi's report and finding Dr. Guberman's report to be unpersuasive, exceeded its scope of review by engaging in a reweighing of the evidence. The Office of Judges was correct in its determination that the report of Dr. Sethi could not be considered in the September 4, 2012, protest because the report was not submitted into the evidentiary record for that protest. Without Dr. Sethi's report, there was no evidence before the Office of Judges regarding the September 4, 2012, claims administrator's decision that Mr. Bandy had met a requirement for the closure of the claim for temporary total disability benefits. The Board of Review's decision closing the claim for temporary total disability benefits is therefore reversed. The Board of Review's decision affirming the denial of a series of lumbar epidural steroid injections is affirmed.

3

For the foregoing reasons, find that the Board of Review's decision is based, in part, upon erroneous conclusions of law. The Board of Review's decision is therefore affirmed insofar as it denied a series of lumbar steroid injections. The decision is reversed insofar as it closed the claim for temporary total disability benefits and it is remanded with instructions to reopen the claim for temporary total disability benefits as substantiated by proper evidence.

Affirmed, in part, and Reversed and Remanded, in part.

**ISSUED: December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II